Thomas A. Gerber, OSB No. 741133
Email: tom.gerber@tnslaw.net
Brent G. Summers, OSB No. 824060
Email: brent.summers@tnslaw.net
150 SW Harrison Street, Suite 200
Portland OR 97201
Phone: 503.968.9000
Fax: 503.968.9002

Of Attorneys for Thomas A. Huntsberger, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Berjac of Oregon,<br><br>        Debtor.<br><br>Thomas A. Huntsberger, Trustee of the Chapter 7 Bankruptcy Estate of Berjac of Oregon,<br><br>        Plaintiff,<br><br>   v.<br><br>WAYNE E. RHYNARD, JR., an individual; and ALIDA D. RHYNARD, an individual,<br><br>        Defendants. | Case No. 12-63884-tmr7<br><br>Adv. Proc. No. _____<br><br>COMPLAINT<br><br>(Avoidance and Recovery of Preferential Transfers - 11 USC §547) |

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this proceeding pursuant to 28 USC §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 USC § 157(b)(2)(A). Venue properly lies in this judicial district pursuant to 28 USC § 1409(a) because this is a civil proceeding arising in and/or related to the Chapter 7 (formerly Chapter 11) case currently pending in the Eugene Division of the United States Bankruptcy Court for the District of Oregon.

**Page 1 of 5 – COMPLAINT (Avoidance and Recovery of Preferential Transfers - 11 USC §547)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000  Fax: 503.968.9002
*11000.2323 002 llv draft complaint.doc\Thomas A/8/11/2014-1*

2. This adversary proceeding arises in the case of *Berjac of Oregon,* U. S. Bankruptcy Court Case No. 12-63884-tmr7, under Chapter 7 of Title 11. Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 31, 2012 and the case was converted to one under Chapter 7 on October 2, 2013.

## PARTIES

3. Plaintiff, Thomas A. Huntsberger (the "Plaintiff"), is the duly qualified and appointed Chapter 7 Trustee in the above-captioned bankruptcy estate.

4. Defendant Wayne E. Rhynard, Jr. (the "Defendant W. Rhynard") is an individual. At all relevant times, Defendant was an individual for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

5. Defendant Alida D. Rhynard (the "Defendant A. Rhynard") is an individual. At all relevant times, Defendant was an individual for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

6. Defendants W. Rhynard and A. Rhynard set forth in paragraphs 4 and 5 above may be referred to collectively as the "Defendants."

## ALLEGATIONS COMMON TO ALL CLAIMS

7. Plaintiff is informed and believes, and on that basis alleges, that the Debtor made transfers of property to the Defendants on or within ninety (90) days prior to the Petition Date, that is, from June 2, 2012 through and including August 30, 2012, in the form of payments for the benefit of Defendants, including, but not limited to, the specific transfers described in paragraph 13 below (the "Pre-Petition Transfers").

/////

/////

**Page 2 of 5 – COMPLAINT (Avoidance and Recovery of Preferential Transfers - 11 USC §547)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000  Fax: 503.968.9002
*11000.2323 002 llv draft complaint.doc\Thomas
A/8/11/2014-1*

# FIRST CLAIM FOR RELIEF

## (Avoidance of Preferential Transfers Pursuant to 11 USC § 547(b))

8. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 7 as though fully set forth herein.

9. The Pre-Petition Transfers were transfers of monies by the Debtor, and thus constitute transfers of interests of the Debtor's property.

10. Plaintiff is informed and believes, and on that basis alleges, that the Pre-Petition Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendants.

11. Plaintiff is informed and believes, and on that basis alleges, that the Pre-Petition Transfers were made while the Debtor was insolvent.  Moreover, pursuant to 11 USC § 547(f), the Debtor is presumed to have been insolvent at the time of each of the Pre-Petition Transfers.

12. Plaintiff is informed and believes, and on that basis alleges, that the Pre-Petition Transfers, if validated, would enable the Defendants to receive more than the Defendants would have received had the transfers not been made and had the Defendants received distribution from the estate pursuant to the Bankruptcy Code.

13. The following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| Date | Payee | Amount | Total |
|---|---|---|---|
| 06/20/2012 | Wayne E Rhynard Jr | $10,500.00 | |
| 07/13/2012 | Wayne Rhynard, Jr | 5,000.00 | $15,500.00 |

14. Interest on the Pre-Petition Transfers has accrued and continues to accrue from the date each of the Pre-Petition Transfers were made at the legal rate of interest until paid.

/////

Page 3 of 5 – COMPLAINT (Avoidance and Recovery of Preferential Transfers - 11 USC §547)

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2323 002 llv draft complaint.doc\Thomas A/8/11/2014-1*

## SECOND CLAIM FOR RELIEF

### (For Recovery of Property Pursuant to 11 USC § 550)

15. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14 as though fully set forth herein.

16. As alleged above, Plaintiff is entitled to avoid the Pre-Petition Transfers under 11 USC § 547(b). Credits for the new value defense have been allowed. As the Defendants are the initial transferees of the Pre-Petition Transfers, or the individuals or entity for whose benefit the Pre-Petition Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Pre-Petition Transfers, or any of them, Plaintiff is entitled to recover for the estate the proceeds or value of the Pre-Petition Transfers under 11 USC § 550.

WHEREFORE, Plaintiff seeks judgment against Defendants as follows:

A. **On Plaintiff's First Claim for Relief**: For judgment that the Pre-Petition Transfers are avoidable as preferential transfers under 11 USC § 547(b).

B. **On Plaintiff's Second Claim for Relief**: For judgment that the estate is entitled to recover the Pre-Petition Transfers or the value thereof under 11 USC § 550.

C. **On Plaintiff's First and Second Claims for Relief**:

1. Awarding judgment to Plaintiff in the net amount of the Pre-Petition Transfers after the credit for the new value defense in the principal amount of $15,500.00; plus

2. Pre-judgment interest on the principal amount of the Pre-Petition Transfers at the legal rate of interest as permitted by law from the date of each transfer through the date judgment is entered; plus

3. Plaintiff's costs and disbursements incurred herein; plus

/////

Page 4 of 5 – COMPLAINT (Avoidance and Recovery of Preferential Transfers - 11 USC §547)

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000  Fax: 503.968.9002
*11000.2323 002 llv draft complaint.doc\Thomas A/8/11/2014-1*

4. Post-judgment interest on the principal amount of the Pre-Petition Transfers awarded at the legal rate of interest permitted by law from the date judgment is entered until paid in full; and

5. For such other and further relief as the Court deems just and proper.

Dated this 11th day of August, 2014.

TARLOW NAITO & SUMMERS, LLP


s/Brent G. Summers
Brent G. Summers, OSB No. 824060
Of Attorneys for Trustee

**Page 5 of 5 – COMPLAINT (Avoidance and Recovery of Preferential Transfers - 11 USC §547)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000  Fax: 503.968.9002
*11000.2323 002 llv draft complaint.doc\Thomas*
*A/8/11/2014-1*